**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Kyrima Anderson, | |
| Plaintiff, | Civil No. 3:26-cv-00400 (SVN) (TOF) |
| v. | |
| Deborah R. Davis and Nikia Brown, | August 6, 2026 |
| Defendants. | |

**RECOMMENDED RULING ON INITIAL REVIEW OF**
**THE COMPLAINT UNDER 28 U.S.C. § 1915**

Kyrima Anderson is an incarcerated woman and the mother of a three-year-old girl.[1] While she was in prison, she left her daughter in the care of Nikia Brown, with instructions not to place the child with Deborah Davis or Davonté Mason.[2] Ms. Anderson alleges that Ms. Brown defied her instructions by giving her daughter to Ms. Davis.[3] She wants criminal charges "brought against all parties," and she filed a document entitled "Criminal Complaint, Child Endangerment, Risk of Injury to a Minor and Kidnapping."[4]

The United States Supreme Court has ruled that private parties like Ms. Anderson cannot start criminal cases in federal court.[5] Private plaintiffs also cannot order prosecutors to start criminal cases, because prosecutors generally have discretion to decide which cases to bring.[6] And

---

[1]     Complaint, Docket No. 1, at p. 1.
[2]     Complaint, Docket No. 1, at p. 1.
[3]     Complaint, Docket No. 1, at p. 1.
[4]     Complaint, Docket No. 1, at pp. 1-2.
[5]     *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").
[6]     *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972) ("[I]n the exercise of prosecutorial discretion where it exists, the Department of Justice is immune from

the Court cannot start a criminal case on its own either, because a criminal case begins when the executive branch of government—not the judicial branch—brings a charge against someone.[7] Thus, if Ms. Anderson wishes to see Ms. Brown or Ms. Davis prosecuted for breaking the law, she may call the relevant law enforcement agency; explain the facts of the case; and see what the agency is willing to do about the matter.  But she may not start a criminal case on her own.  To the extent that her complaint was an attempt to do so, it deserves to be dismissed.

Ms. Anderson plainly does not want to start any sort of case other than a criminal case.  She says that she only "wants to be provided the courts [*sic*] criminal process for kidnapping, child endangerment, risk of injury to a minor, and abandonment," and she states that any "civil action will be handled later."[8]  But when self-represented plaintiffs impermissibly seek to start a criminal case, courts will sometimes study their complaints to see if their factual allegations add up to a plausible civil claim.[9]  They do this because self-represented plaintiffs like Ms. Anderson deserve "special solicitude," and should enjoy "reasonable allowances to protect [them] from inadvertent forfeiture of important rights because of their lack of legal training."[10]

In this case, the assigned District Judge, the Honorable Sarala V. Nagala, referred the complaint to me—Magistrate Judge Thomas O. Farrish—to determine whether it contains any civil claims that should proceed.[11]  For the reasons set forth below, I conclude that it does not.  I therefore recommend that Judge Nagala dismiss the case.

---

control or interference by citizen or court . . . and the federal discretion has been called 'absolute' and 'sacrosanct.'") (citations omitted).

[7]     *See* Fed. R. Crim. P. 3,7.

[8]     Objection/Response, Docket No. 9, at pp. 1, 3.

[9]     *Murphy v. PHH Mortgage Servicers*, No. 3:23-cv-1552 (KAD) (TOF), 2024 WL 2864218, at *3 (D. Conn. Jan. 23, 2024).

[10]    *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (citations and quotation marks omitted).

[11]    *See* Order Granting Motion to Proceed *In Forma Pauperis*, Docket No. 16.

## 1.   Background

The following facts are taken from Ms. Anderson's "Criminal Complaint," and they are assumed to be true for purposes of this review.[12]  Ms. Anderson is "currently 'incarcerated' in Georgia."[13]  She is the mother of a three-year-old girl.[14]  While she was in prison her daughter was "arranged to be cared for by Nikia Brown with strict instructions not to allow Deborah R. Davis or Davonté J. Mason to be in the possession of her daughter in any capacity."[15]  Ms. Brown allegedly promised to respect these wishes, and further promised that she would keep the girl safe.[16]  Later, however, Ms. Brown "threatened to give the child to the two people" Ms. Anderson had instructed her to avoid.[17]  The parties discussed the matter in an effort to avoid a conflict, but ultimately Ms. Brown "gave [the] daughter to Deborah R. Davis on the 5th of March 2026."[18]

Ms. Anderson evidently has an adult son, and she arranged for her daughter "to be cared for by her son and his wife[.]"[19]  Ms. Davis, however, refused to hand the girl over.[20]  Ms. Anderson then filed her "Criminal Complaint," stating that she "wants charges brought against all parties and for her daughter to be handed over to her son[.]"[21]

The Clerk of the Court randomly assigned Ms. Anderson's case to United States District Judge Sarala V. Nagala.  Judge Nagala noted that the complaint was entitled "Criminal Complaint,"

---

[12]   *Gibson v. Cuomo*, No. 20-cv-1455 (JLS), 2021 WL 12301398, at *2 (W.D.N.Y. July 1, 2021).  If Ms. Anderson were to amend her complaint, and if that amended complaint contained a claim that should proceed, she would of course bear the burden to prove her factual allegations later in the case.
[13]   Complaint, Docket No. 1, at p. 1.
[14]   Complaint, Docket No. 1, at p. 1.
[15]   Complaint, Docket No. 1, at p. 1.
[16]   Complaint, Docket No. 1, at p. 1.
[17]   Complaint, Docket No. 1, at p. 1-2.
[18]   Complaint, Docket No. 1, at p. 2.
[19]   Complaint, Docket No. 1, at p. 2.
[20]   Complaint, Docket No. 1, at p. 2.
[21]   Complaint, Docket No. 1, at p. 2.

but she declined to construe it as one.  She wrote on the docket that if "Plaintiff wish[es] to pursue any criminal charges, she is advised to contact the relevant law enforcement agencies."[22]  Further noting, however, that the Clerk had docketed the complaint as a civil action—presumably because the Clerk also knows that private parties cannot start criminal cases—Judge Nagala advised Ms. Anderson that she must either pay a $405.00 filing fee or file a motion to proceed "*in forma pauperis*" if she wished to move forward with a civil claim.[23]

Ms. Anderson objected to her case being characterized as a civil matter.[24]  She asked "to be provided the courts [*sic*] criminal process for kidnapping, child endangerment, risk of injury to a minor and abandonment."[25]  She emphasized that "[t]his is kidnapping which is a crime there is no civil matter to be addressed at this time."[26]  She stated that a "civil action will be handled later," but "right now the Plaintiff's 3 year old daughter is being kidnapped[.]"[27]

Judge Nagala reviewed Ms. Anderson's objection, but she still declined to regard the complaint as initiating a criminal case.  On April 10, 2026, she entered an order on the docket stating that "[p]rivate individuals cannot bring criminal complaints[,]" and "the Court cannot initiate criminal proceedings on Plaintiff's behalf."[28]  She again stated that is Ms. Anderson "wish[ed] to pursue any criminal charges, she is advised to contact the relevant law enforcement agencies."[29]

---

[22]    Order, Docket No. 4.
[23]    Order, Docket No. 4.  "*In forma pauperis*" is a Latin phrase meaning "in the manner of a pauper," or poor person.  Black's Law Dictionary (8th ed. 2004), at p. 794.
[24]    Objection/Response, Docket No. 9.
[25]    Objection/Response, Docket No. 9, at pp. 1-2.
[26]    Objection/Response, Docket No. 9, at p. 2.
[27]    Objection/Response, Docket No. 9, at p. 3.
[28]    Order, Docket No. 11.
[29]    Order, Docket No. 11.

By April 27, 2026, Ms. Anderson had neither paid the filing fee nor filed a motion to proceed *in forma pauperis*.[30]    Judge Nagala therefore dismissed the case, but she allowed Ms. Anderson until May 27, 2026 to file a motion to reopen it.[31]  On July 7, 2026, Ms. Anderson filed a motion for leave to proceed *in forma pauperis*,[32] which Judge Nagala interpreted as a motion to reopen.[33]  She then referred the case to me "for purposes of an initial review."[34]

I will now address whether Ms. Anderson's complaint contains any civil claims that should move forward.  Other background facts relevant to that analysis will be set forth below.

## 2.    Discussion

To start a civil case, the plaintiff must file a complaint.[35]  And that complaint must show that the Court has *jurisdiction* over the case.[36]

Jurisdiction is "[a] court's power to decide a case."[37]  It is a term that encompasses several concepts, including "subject matter jurisdiction" and "personal jurisdiction."  When a court asks itself whether it has "subject matter jurisdiction" over a case, it is asking whether it has the power to hear the type of claim that the plaintiff has brought.[38]  By contrast, when a court considers whether "personal jurisdiction" exists, it asks itself whether it has power over the parties.[39]

Leaving aside some other case types that are not relevant here, federal courts generally have "subject matter jurisdiction" over two types of cases.  First, federal courts may hear cases

---

[30]    Order Dismissing Case, Docket No. 12.
[31]    Order Dismissing Case, Docket No. 12.
[32]    Application to Proceed in District Court Without Prepaying Fees or Costs, Docket No. 14.
[33]    Order, Docket No. 15.
[34]    Order, Docket No. 15.
[35]    Fed. R. Civ. P. 3.
[36]    Fed. R. Civ. P. 8(a)(1).
[37]    Black's Law Dictionary (8th ed. 2004), at p. 867.
[38]    Black's Law Dictionary (8th ed. 2004), at p. 870.
[39]    Black's Law Dictionary (8th ed. 2004), at p. 870.

that "aris[e] under the Constitution, laws, or treaties of the United States."[40]  This is known as the "federal question" form of subject matter jurisdiction, because such a case raises questions about compliance with federal law.  Second, federal courts may decide cases between "citizens of different States" "where the matter in controversy exceeds the sum or value of $75,000."[41]  This is known as "diversity" jurisdiction, because when the plaintiff and the defendant are citizens of different states, their citizenship is said to be "diverse" from each other.

In this case, Ms. Anderson's complaint does not identify any "federal question" claim that should move forward.  As noted above, she may not use the federal criminal statutes as her "federal question," because private parties cannot initiate federal criminal prosecutions.  She also has no plausible claim against Ms. Brown or Ms. Davis under the federal civil rights laws, because those laws apply to "state actors"—that is, people who, "acting under color of state law, deprive[] another of his federal rights"[42]—and there is no allegation that Ms. Brown or Ms. Davis were "state actors" when they allegedly took Ms. Anderson's child.  And Ms. Anderson likewise has no viable claim under the federal Parental Kidnaping Prevention Act, 28 U.S.C. § 1738.  Even though that statute "provide[s] for nationwide enforcement of custody orders[,]"[43] private parties cannot launch a civil lawsuit on this basis.[44]  And, in any event, Ms. Anderson's complaint does not describe any court order that would have been violated by Ms. Brown or Ms. Davis.  It is unsurprising that Ms. Anderson's complaint failed to raise a genuine federal question, because "[]the whole subject of

---

[40]     28 U.S.C. § 1331.
[41]     28 U.S.C. § 1332.
[42]     *Rodriguez v. Dwyer*, No. 3:23-cv-1258, 2023 WL 8653971, at *2 (D. Conn. Dec. 14, 2023) (internal quotation marks omitted).
[43]     *Thompson v. Thompson*, 484 U.S. 174, 181 (1988).
[44]     *Shophar v. Gorski*, No. 17-13322, 2018 WL 4442271, at *6 (E.D. Mich. June 5, 2018) ("[T]he Supreme Court has held that the PKPA did not create a private cause of action in federal court.").

6

the domestic relations of . . . parent and child, belong to the laws of the states, and not to the laws of the United States."[45]

Ms. Anderson's complaint attempts to invoke the Court's diversity jurisdiction,[46] but that attempt fails. She claims to be an "American Indian Moorish National," and she further claims that "cases involving" such people and their children "are [under] the jurisdiction of the federal government,"[47] but it is well established that claims of "Moorish" citizenship do not establish diversity jurisdiction.[48] She says that she and her daughter are "residents of Georgia," but she says nothing about the domiciles of Ms. Brown or Ms. Davis,[49] and accordingly the Court cannot tell whether the plaintiff is a citizen of a different state than each defendant—which is one of the things that diversity jurisdiction requires.[50] Finally, her complaint contains no factual allegations from which the Court could infer that there is more than $75,000 in controversy.[51] In summary, Ms. Anderson's complaint does not demonstrate that the Court has jurisdiction, whether under "federal question" or "diversity of citizenship."

---

[45] *In re Burrus*, 136 U.S. 586, 593-94 (1890). And in cases where a plaintiff manages to raise a plausible federal claim out of a child custody issue, federal courts typically abstain from exercising the jurisdiction that would otherwise be conferred on them by 28 U.S.C. §1331. *See Zappin v. Comfort*, No. 23-7363, 2024 WL 5001624, at *2 (2d Cir. Dec. 6, 2024) (summary order) (citing *Deem v. DiMella-Deem*, 941 F.3d 618, 625 n.1 (2d Cir. 2019) for the proposition that "[w]e regularly apply this abstention doctrine in 'the dismissal of both federal-question and diversity cases involving domestic relations disputes").

[46] Complaint, Docket No. 1, at p. 2 (claiming "Diversity of Citizenship").

[47] Complaint, Docket No. 1, at p. 2.

[48] *See, e.g., Ingram El v. Crail*, No. 18-cv-1976 (MCE) (EFB) (PS), 2019 WL 3860192, at *3 (E.D. Cal. Aug. 16, 2019) ("Plaintiff's Moorish citizenship argument is a frivolous attempt to establish diversity jurisdiction where none exists, and the ploy is not new.").

[49] Complaint, Docket No. 1, at pp. 1-2.

[50] 28 U.S.C. § 1332(a)(1).

[51] *See, e.g., Kinnard v. Hays*, No. 4:26-cv-900 (RWS), 2026 WL 1993260, at *1 (E.D. Mo. July 10, 2026) (dismissing federal complaint arising out of child custody dispute in part because "Plaintiff has not alleged the jurisdictional amount of more than $75,000 in damages").

7

### 3.    Conclusion

Because private parties like Ms. Anderson cannot bring criminal complaints in federal court, and because the court does not have jurisdiction over any civil claims that might be observed in her complaint, her case should be dismissed. As the United States Court of Appeals for the Second Circuit has explained, "[w]hen jurisdiction is lacking . . . dismissal is mandatory."[52]

Two questions remain – whether dismissal should be with or without prejudice, and whether it should be with or without leave to amend. "When a *pro se* plaintiff's claim is dismissed . . . courts usually allow at least one chance to fix the defects with an amended complaint."[53] "But sometimes, 'the problem with the complaint is substantive; better pleading will not cure it. In such cases, repleading would be futile."[54] To the extent that Ms. Anderson is attempting to initiate a criminal case, I recommend that the dismissal be with prejudice and without possibility of amendment, because no pleading amendment can get around the fact that private parties cannot start criminal cases. But with respect to any civil claim Ms. Anderson may wish to attempt, I recommend that the dismissal be without prejudice and with leave to amend.[55] If Judge Nagala were to accept these recommendations, this would mean that Ms. Anderson (1) could not attempt to start a criminal case, but (2) could take another try at starting a civil case if she wishes to, with an amended complaint that supports federal jurisdiction and states a plausible claim for relief.

---

[52]    *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (per curiam).

[53]    *Hamm v. Baio*, No. 3:22-cv-401 (OAW) (TOF), 2023 WL 2867070, at *7 (D. Conn. Jan. 10, 2023).

[54]    *Hamm v. Baio*, No. 3:22-cv-401 (OAW) (TOF), 2023 WL 2867070, at *7 (D. Conn. Jan. 10, 2023) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)) (internal quotation marks and brackets omitted).

[55]    *Donnelly v. Controlled Application Review and Resolution Program Unit*, 37 F.4th 44, 57 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice.") (quotation marks and citation omitted).

This is a recommended ruling by a magistrate judge.[56]  **If Ms. Anderson wishes to object to my recommendation, she must file that objection with the Clerk of the Court by August 25, 2026.**[57]  If she fails to file a timely objection, her failure "operates as a waiver of any further judicial review[.]"[58]  In particular, failure to file a timely objection operates as a waiver of the right to seek appellate review in the Court of Appeals.[59]

                                        /s/ Thomas O. Farrish
                                    Hon. Thomas O. Farrish
                                    United States Magistrate Judge

---

[56]    Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C).

[57]    *See* Fed. R. Civ. P. 72(b)(2) (stating that objections to magistrate judge recommendations shall be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (allowing five additional days for persons who will receive the recommendation from the Clerk of the Court via mail).

[58]    *Small v. Secretary of Health & Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

[59]    *Small v. Secretary of Health & Human Services*, 892 F.2d 15, 16 (2d Cir. 1989); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6; *Impala v. U.S. Department of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).